
FILED
JUL 3 1 2015
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 13-74-BLG-DWM |
| --- | --- |
| Plaintiff/Respondent, | CV 15-63-BLG-DWM |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| MONTE CATO LITTLE COYOTE, JR., | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Little Coyote's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Little Coyote is a federal prisoner proceeding *pro se*.

To refresh its recollection of the case, the Court has consulted the court reporter's rough transcripts of the change of plea and sentencing hearings in this matter. The United States will be required to order those transcripts for the Court's record and to ensure that Little Coyote receives a copy of each.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

1

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On September 20, 2013, a grand jury indicted Little Coyote on one count of aggravated sexual abuse, a violation of 18 U.S.C. § 2241(a)(1) ("Count 1"). The grand jury found probable cause to believe that, in October 2012, Little Coyote used force to cause J.P.[1] to engage in a sexual act. As the incident was alleged to have occurred on the Northern Cheyenne Indian Reservation, jurisdiction was predicated on the Major Crimes Act, 18 U.S.C. § 1153(a). Indictment (Doc. 1) at 1-2. Assistant Federal Defender Steven C. Babcock was appointed to represent Little Coyote. Order (Doc. 7).

On February 7, 2014, pursuant to a plea agreement, Little Coyote pled guilty in open court. He admitted that he physically held J.P. down on his brother's bed

---

[1] J.P. was under the age of 18 at the time of the offense. Little Coyote was 30 years old.

2

and raped her. *See generally* Minutes (Doc. 16); Offer of Proof (Doc. 15); Plea Agreement (Doc. 12).

A presentence report was prepared. The United States recommended a sentence of 150 months, U.S. Sentencing Mem. (Doc. 24) at 5, and the defense sought a sentence of 135 months, Def. Resp. Mem. (Doc. 25) at 5. Under the advisory sentencing guidelines, the base offense level was 30. Little Coyote received a four-level upward adjustment for use of force and a three-level downward adjustment for acceptance of responsibility. The total offense level was 31. The criminal history category was III. The advisory guideline range was 135-168 months. Presentence Report ¶¶ 20-29, 32-39, 90. On July 2, 2014, Little Coyote was sentenced to serve 135 months in prison, concurrent to any other undischarged terms, followed by a ten-year term of supervised release. Minutes (Doc. 28); Judgment (Doc. 29) at 2-3.

Little Coyote timely filed his § 2255 motion on July 2, 2015. 28 U.S.C. § 2255(f)(1); Mot. § 2255 (Doc. 33) at 13; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

### III. Claims and Analysis

Little Coyote is a thoughtful and articulate man who served his country well in the armed forces. He accepted responsibility for his criminal conduct at both his change of plea and his sentencing hearings. He is capable of being a significant

asset to his community and to his family, including his two little girls and his son, when he discharges his federal sentence. As he said in his written statement before sentencing, "[A]lthough I made a monstrous mistake I am no monster." *See* Presentence Report ¶ 18. He was right about that on both points.

While he is in prison, however, Little Coyote is listening to someone else.

Little Coyote claims counsel was ineffective in several respects and, if he had not been ineffective, Little Coyote would not have pled guilty and would instead have gone to trial. *Strickland v. Washington*, 466 U.S. 668 (1984), governs such claims. At this stage of the proceedings, Little Coyote must allege facts sufficient to support an inference that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. He must also allege facts sufficient to support an inference that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the specific context of a guilty plea, Little Coyote must allege facts sufficient to support an inference that, but for counsel's errors, there is a reasonable probability he would not have pleaded guilty and would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes

4

an insufficient showing on one." *Id.* at 697.

### A. Grand Jury

Little Coyote claims the grand jury was not properly instructed about the meaning of the word "force." Mot. § 2255 at 4, 5; Little Coyote Aff. (Doc. 33-1) at 1 ¶ 1. "Force" is not an uncommon or ambiguous word. Little Coyote does not help his position when he avers "[t]here was no evidence my alleged victim J.P. could not escape the sexual act." Little Coyote Aff. at 2 ¶ 2. The United States did not have to show that J.P. was unconscious or restrained, that all the exits were obstructed, or that Little Coyote's act was so violent that no person in J.P.'s position could have stopped him. The United States only had to show that Little Coyote used physical means to compel J.P. to engage in a sexual act. As a lay person would say, the United States had to prove that he forced her. There is no realistic prospect that the grand jury's function was obscured by some esoteric misunderstanding of the word "force." This claim is denied.

### B. Codification

Little Coyote claims that 18 U.S.C. § 2241, the statute he violated, "was never a felony under Chapter 109A and codified into 18 U.S.C. § 1153(a)," the Major Crimes Act." Mot. § 2255 at 4; Little Coyote Aff. at 1. The statute did not need to be "codified into" anything. It defines a sexually abusive crime. Sexually abusive crimes are defined in Chapter 109A of the United States Code. This claim

is denied.

**C. Contract or Treaty**

Little Coyote claims his case has something to do with the Court of Claims, *see United States v. Mitchell*, 463 U.S. 206 (1983), *cited in* Little Coyote Aff. at 1 ¶ 1, or an alleged contract "involving federal funding for tribal law and justice programs," Little Coyote Aff. at 1 ¶ 1, or the Administrative Procedures Act, *id.*, or the Fort Laramie Treaty of 1868.[2] None of these things had the slightest bearing on Little Coyote's case. Constitutional law establishes what is necessary to initiate a federal criminal prosecution, *United States v. Calandra*, 414 U.S. 338, 343-44 (1974), and to support a verdict, *In re Winship*, 397 U.S. 358, 364 (1970). Neither Department of Justice policy nor the Court of Claims nor the Administrative Procedures Act have anything to do with it. Further, the Fort Laramie Treaty of 1868 did not confer enforceable rights on individual defendants. *See United States v. Drapeau*, 414 F.3d 869, 877 (8th Cir. 2005). This claim is denied.

**D. *Miranda* Rights**

Little Coyote claims he was not read his rights under *Miranda v. Arizona*, 384 U.S. 436, 467-68 (1966). Because he did not make any statement the United States sought to use in evidence against him, *see* Offer of Proof (Doc. 15) at 2-3; *see also* Presentence Report ¶¶ 8-10, it is irrelevant whether he was read his

---

[2] *See, e.g.*, Compl. (Doc. 2) at 9-10, 51, *Fourstar v. DeCou*, No. CV 13-93-GF-DWM (D. Mont. filed Nov. 4, 2013) (Victor Charles Fourstar, Jr.).

6

*Miranda* rights. This claim is denied.

### E. Investigation

Little Coyote's current complaints about the quality of the investigation of the crime are sometimes aimed at counsel and sometimes at law enforcement officers. He claims that no one interviewed his grandparents, who would have said they did not hear anything at the time of the crime; that J.P. did not report the crime for two months and therefore victimized Little Coyote by depriving him of "material exculpatory DNA evidence, or lack thereof, and . . . material medical and photographic evidence that would have supported my innocence, and . . . a proper crime scene investigation and . . . evidence of my accuser's demeanor directly after the alleged crime against me." Mot. § 2255 at 5, 7; Little Coyote Aff. at 2-3 ¶ 3. He also claims the fact that J.P. delayed reporting the crime affected the "chain of custody" of her statements. Mot. § 2255 at 8; Little Coyote Aff. at 3 ¶ 4.

Statements do not implicate a chain of custody. As to the other items Little Coyote complains of, in this case as in all other cases, lack of evidence works against the prosecution, because it must introduce sufficient evidence to prove each element of the crime beyond reasonable doubt. *Winship*, 397 U.S. at 364. But a victim's statements may be sufficient proof. Here, proof that Little Coyote raped J.P. was found in the victim's statements:

> While in the bedroom, the defendant grabbed the victim by the arm,

threw her on the bed,³ and raped her. After the sexual assault, the victim left the house. The victim was scared and did not report the sexual assault to police immediately. But the victim did disclose the sexual assault to a friend on the day that it occurred, and the victim then disclosed to another friend and a licensed clinical social worker a couple of weeks later.

Offer of Proof (Doc. 15) at 3; *see also* Fed. R. Evid. 801(d)(1)(B).

This claim is denied.

### F. Tribal Charge

Little Coyote states that he "was never properly charged, arraigned, and processed through the Northern Cheyenne Tribal Court system." Little Coyote Aff. at 3 ¶ 4. The law does not require proceedings in tribal courts must occur before they may occur in federal court. This claim is denied.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

---

³ Little Coyote denied he grabbed the victim by the arm or threw her on the bed. He admitted he raped her. *See, e.g.*, Presentence Report ¶ 9.

8

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Little Coyote's claims meets even the relatively low threshold for issuance of a COA. All are based on misrepresentations of law. There is no reason to doubt that Little Coyote made a knowing, voluntary, and intelligent decision to accept responsibility for his act by pleading guilty. No reasonable jurist would encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the following transcripts are required to decide the issues presented by Little Coyote:

    (a)    the change of plea hearing, held February 7, 2014; and

    (b)    the sentencing hearing, held July 2, 2014.

2. The United States shall immediately order the transcripts of those hearings for the Court's file, with copies to be delivered to Monte Cato Little Coyote # 13111-046, FCI Marianna, Federal Correctional Institution, P.O. Box 7007, Marianna, FL 32447.

3. Little Coyote's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 33) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Little Coyote files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 15-63-BLG-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Little Coyote.

DATED this 31st day of July, 2015.

Donald W. Molloy
United States District Court