IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MONTE CATO LITTLE COYOTE, JR., <br><br> Defendant. | CR 13-74-BLG-DWM-TJC <br><br> **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated the conditions of his supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (*See* Doc. 70.)

On December 10, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to a term of time served, followed by 118 months of supervised release.

I.   **BACKGROUND**

In February 2014, Defendant pled guilty to aggravated sexual abuse. (Docs. 16, 19.) On July 2, 2014, the Court sentenced him to 135 months imprisonment, to be followed by 10 years of supervised release. (Docs. 28, 29.) Defendant began serving his term of supervised release on July 14, 2023.

1

Case 1:13-cr-00074-DWM   Document 71   Filed 12/10/24   Page 2 of 8

On August 27, 2024, the United States Probation Office filed the petition now at issue.  The petition alleges that Defendant violated three conditions of his supervised release and provides a brief explanation of each violation.  (Doc. 51.)  Based on the petition, Judge Molloy issued a warrant for Defendant's arrest.  (Doc. 52.)  On October 11, 2024, Defendant was arrested.  (*See* Doc. 59.)  On October 15, 2024, Defendant made an initial appearance.  (Doc. 53.)  Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing.  The Court set the final revocation hearing for October 31, 2024.  The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing.  (*Id.*)

On October 23, 2024, Defendant moved for a continuance of the final revocation hearing, and the Court reset the hearing for November 13, 2024.  (*See* Docs. 60, 61.)  Then, on November 1, 2024, Defendant filed an unopposed motion for a detention hearing.  (Doc. 62.)  A detention hearing was held on November 6, 2024. (Doc. 64.)  The United States withdrew its motion for detention, and Defendant was released to attend inpatient substance abuse treatment at the Montana Chemical Dependency Center.  (Doc. 65.)  His revocation hearing was subsequently reset for December 10, 2024, following his completion of inpatient treatment.  (*See* Docs. 66, 67.)

/ / /

2

## II. FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Lisa Bazant. Lori Suek represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Molloy prior to final imposition of sentence. After consenting to proceed, Defendant admitted all the violations as alleged in the amended petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offense is a class A felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 5–11 months incarceration. Defendant could also be sentenced to as much as 120 months supervised release, less any incarceration time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a sentence of time served followed by a term of supervised release. Defendant's counsel also requested a sentence of time served followed by a term of supervised release.

/ / /

/ / /

## III. ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to a term of time served, followed by 118 months of supervised release.

The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to the nature and circumstances of the violations, all the violations are grade C violations, and none involve new criminal conduct. Defendant is subject to revocation primarily because he has been unable to successfully complete sex offender treatment due to violations of program rules.

With respect to Defendant's history and characteristics, the primary obstacle to Defendant's compliance with sex offender program has been alcohol use. Since his arrest on this petition, however, Defendant was given the opportunity to participate in a 30-day inpatient treatment program. He successfully completed that program and is now participating in aftercare treatment and Alcoholics Anonymous.

/ / /

/ / /

The undersigned has also considered the need to afford adequate deterrence to future violations. This is Defendant's first revocation. His arrest and initial detention on these violations make it clear that he will be required to comply with his conditions of release and will deter future violations.

In addition, the undersigned has considered the need to protect the public from further violations. A primary tool available to protect the public from further offenses, other than incarceration, is sex offender treatment. Not only will Defendant be provided sex offender treatment, but his compliance with the rules of the program—which are designed to protect the public—will be closely monitored. As this petition demonstrates, if Defendant violates the rules, he will be subject to revocation.

Finally, the undersigned has considered the need for future educational and correctional treatment. Defendant requires sex offender treatment. He was previously given the opportunity to participate in treatment while on supervised release, and unfortunately was not able to successfully complete the program. Nevertheless, he has been accepted back into sex offender treatment following his completion of substance abuse treatment. He will also need continued treatment for alcohol abuse.

Therefore, given the nature of the violations, Defendant's completion of inpatient substance abuse treatment, and his acceptance back into sex offender

treatment, the undersigned finds that a sentence of time served, followed by 118 months supervised release, is sufficient, but not greater than necessary, to accomplish the purposes set forth in 18 U.S.C. § 3553(a).

## IV. CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Molloy prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following FINDINGS:

1. Defendant violated the special condition that he must abstain from the consumption of alcohol and must not enter establishments where alcohol is the primary item of sale, when (1) Defendant's probation officer was notified on December 18, 2023, that Defendant admitted to alcohol consumption and entering bars and casinos with the intent to consume alcohol; and (2) Defendant admitted that he used alcohol on August 12, 2024, and submitted a urine specimen that tested positive for alcohol on August 14, 2024.

2. Defendant violated the special condition that he must enter and successfully complete an outpatient sex offender treatment program as approved

by the probation officer when (1) Defendant's probation officer was notified on January 8, 2024, that Defendant had been unsuccessfully discharged from sex offender treatment due to a series of relapses and violations of program standards and his failure to ameliorate those problems as prescribed in their attempts at treatment interventions; and (2) Defendant's probation officer was notified on August 26, 2024, that Defendant had been unsuccessfully discharged from sex offender treatment due to a series of violations of program standards—including alcohol relapses, associating with unknown and unapproved young women, and staying at unapproved residences—and his failure to ameliorate those problems as prescribed in their attempts at treatment interventions.

3. Defendant violated the special condition that he must participate in substance abuse testing when Defendant failed to report to Alternatives, Inc. on March 4, 2024, to provide a random urinalysis sample, and Defendant was not excused from providing on that date.

Accordingly, IT IS RECOMMENDED that the Court should revoke Defendant's supervised release, and sentence Defendant to a term of time served, followed by 118 months of supervised release.

/ / /

/ / /

/ / /

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 10th day of December, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge