IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MONTE CATO LITTLE COYOTE, JR.,<br><br>Defendant. | CR 13-74-BLG-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated the conditions of his supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 77.)

On July 14, 2025, the Court conducted the revocation hearing. Defendant admitted all violations. As discussed below, the Court finds Defendant is in violation of the conditions of his supervised release. However, the Court recommends that disposition should be delayed 90 days to allow Defendant to complete a dual PTSD and substance abuse treatment program through the Fort Harrison VA Medical Center.

I.   BACKGROUND

In February 2014, Defendant pled guilty to aggravated sexual abuse. (Docs. 16, 20.) On July 2, 2014, the Court sentenced him to 135 months imprisonment, to

1

be followed by 10 years of supervised release. (Docs. 28, 29.) Defendant began serving his first term of supervised release on July 14, 2023. (Doc. 75.)

On December 10, 2024, Defendant's supervised release was revoked for consuming alcohol, being terminated from sex offender treatment, and failing to participate in substance abuse testing. (Doc. 71.) He was sentenced to a term of time served, followed by 118 months supervised release. Defendant began his second period of supervised release on December 10, 2024. (Doc. 75.)

On February 21, 2025, the United States Probation Office filed the petition now at issue. (Doc. 75.) The petition alleges that Defendant violated 5 conditions of supervised release, including (1) failure to appear for random urine testing, (2) failure to notify the probation officer within 72 hours after being arrested, (3) committing another federal, state or local crime (driving under the influence of alcohol or drugs, 2nd offense), (4) failure to successfully complete outpatient sex offender treatment; and (5) committing another federal, state or local crime (driving under the influence and possession of intoxicants). (*Id.*) Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 76.)

Defendant was arrested on April 2, 2025 (Doc. 82), and made an initial appearance the following day, on April 3, 2025 (Doc. 78). Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. The Court set the final revocation hearing for April 22, 2205, and remanded

2

Defendant to the custody of the United States Marshal Service pending the hearing. (Doc. 78)

On April 17, 2025, Defendant moved for a continuance of the final revocation hearing because counsel was working to enroll Defendant in a VA treatment program. The Court reset the hearing for May 22, 2025. (Doc. 84.)

At the hearing on May 22, 2025, defense counsel requested a 30-day continuance, which was granted. (Doc. 86.) The final revocation hearing was set for June 24, 2025. (*Id.*)

Then, on June 23, 2025, Defendant requested an additional continuance to allow Defendant time to finalize the details of his admission at the Residential Rehabilitation Treatment Program at Fort Harrison VA Medical Center. (Doc. 89.) The final revocation hearing was reset to July 14, 2025. (Doc. 90.)

## II.   FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Lisa Bazant. Kelsey Hendricks represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Molloy prior to final imposition of sentence. After consenting to proceed, Defendant admitted all the violations as alleged in the petition.

3

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offense is a class A felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 5–11 months incarceration. Defendant could also be sentenced to as much as 118 months supervised release, less any incarceration time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States and Defendant requested the Court defer disposition of the revocation to allow Defendant to complete the dual PTSD and substance abuse treatment program at the Fort Harrison VA Medical Center. Defendant has been accepted to the VA program, and has a scheduled bed date of July 16, 2025. It is anticipated that the duration of the VA program will last 6-8 weeks, and potentially longer depending on Defendant's treatment needs.

### III.  RECOMMENDATION

Based on Defendant's admissions, it is recommended that Defendant be found in violation of his conditions of supervised release. However, in light of Defendant's efforts to obtain PTSD and substance abuse treatment, the Court does not recommend revocation at this time. The Court **RECOMMENDS** that disposition be deferred 90 days to enable Defendant to complete the VA program,

and that Defendant remain on release under all of the conditions of supervised release previously imposed by the Court (Doc. 73), in addition to a condition that he enter and successfully complete the treatment program at the Fort Harrison VA Medical Center.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 14th day of July, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge