IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>MONTE CATO LITTLE COYOTE, JR.,<br><br>               Defendant. | CR 13-74-BLG-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release.  Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations.  (Doc 94.)

On July 14, 2025, the Court conducted the revocation hearing.  Defendant admitted all violations.  At Defendant's request, disposition was delayed 90 days to allow Defendant to complete a dual PTSD and substance abuse treatment program through the Fort Harrison VA Medical Center.

On October 21, 2025, the Court conducted the disposition hearing.  As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 5 months imprisonment, followed by 110 months of supervised release.

/ / /

1

I.    **Background**

In February 2014, Defendant pled guilty to aggravated sexual abuse.  (Docs. 16, 20.)  On July 2, 2014, the Court sentenced him to 135 months imprisonment, to be followed by 10 years of supervised release.  (Docs. 28, 29.)  Defendant began serving his first term of supervised release on July 14, 2023.  (Doc. 75.)

On December 10, 2024, Defendant's supervised release was revoked for consuming alcohol, being terminated from sex offender treatment, and failing to participate in substance abuse testing.  (Doc. 71.)  He was sentenced to a term of time served (approximately two months), followed by 118 months supervised release.  (Doc. 73.)  Defendant began his second period of supervised release on December 10, 2024.  (Doc. 75.)

On February 21, 2025, the United States Probation Office filed the petition now at issue.  (Doc. 75.)  The petition alleges that Defendant violated five conditions of supervised release, and provides a brief explanation of each violation. *Id*.  Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 76.)

Defendant was arrested on April 2, 2025 (Doc. 82), and made an initial appearance on April 3, 2025 (Doc. 78).  Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing.  *Id.*  The Court set

the final revocation hearing for April 22, 2205, and remanded Defendant to the custody of the United States Marshal Service pending the hearing.  *Id.*

The final revocation hearing was continued multiple times at the Defendant's request to allow him the opportunity to secure a placement in the Residential Rehabilitation Treatment Program at Fort Harrison VA Medical Center.  (Doc. 89.)  The final revocation hearing was ultimately reset to July 14, 2025.  (Doc. 90.)

Following the July 14, 2025, hearing, the Court recommended that final disposition be deferred 90 days to enable Defendant to complete the VA program.  (Doc. 93.)  This recommendation was adopted by Judge Malloy.  (Doc. 94.)  The final revocation hearing was reset to October 21, 2025.  (Doc. 95.)

## II.    <u>Final Revocation Hearing</u>

Defendant appeared at the revocation hearing represented by Lisa Bazant.  Kelsey Hendricks represented the United States.  The undersigned again explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to final imposition of sentence.  Defendant again consented to proceed before the undersigned.

The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offense is a class A felony.

3

Under those circumstances, the statutory maximum sentence is 24 months

incarceration, and the United States Sentencing Guidelines call for 5–11 months

incarceration.  Defendant could also be sentenced to as much as 118 months

supervised release.  Counsel for the parties agreed with those calculations.

     The United States requested a sentence of 5 months incarceration and 118

months supervised release.  Defendant's counsel requested a sentence of time

served.

## III.  <u>Analysis</u>

     Based on Defendant's admission to the violations of his conditions of

supervised release, his supervised release should be revoked.  The Court should

sentence Defendant to 5 months imprisonment, followed by 110 months supervised

release.  No circumstances warrant a departure from the guideline range.

     In making this recommendation, the undersigned has considered all the 18

U.S.C. § 3553(a) factors that are applicable to revocation of supervised release,

including the nature and circumstances of the violations and the history and

characteristics of the defendant.

     With respect to the nature and circumstances of Defendant's violations, this

is the Defendant's second revocation, and his current violations are the same type

involved in the first revocation: alcohol consumption; failure to comply with

substance abuse testing; and termination from sex offender treatment.  But now,

Defendant has added two additional criminal violations with arrests for Driving Under the Influence on February 14, 2025, by the Billings Police Department and on February 21, 2025, by the Bureau of Indian Affairs. These new criminal charges were incurred one week apart, and less than two months after Defendant's second term of supervision began.

With respect to Defendant's history and characteristics, Defendant has a significant criminal history, including the underlying offense of aggravated sexual abuse, for which he received a sentence of 135 months. As noted above, Defendant has also done very poorly on supervision since his release from custody.

The Court has also considered, however, that Defendant suffers from PTSD connected to his military service, and he attributes his alcohol abuse and resulting noncompliance with the terms of his supervision to this condition. After accumulating his current violations, Defendant was able to obtain treatment for his PTSD through the VA. He was admitted to the VA inpatient program on July 16, 2025, and successfully completed the program on September 5, 2025. Defendant submitted a letter of support from a VA counselor, lauding his effort and progress in the program. (Doc. 97.)

Upon his release from the program, however, Defendant relapsed on alcohol. This apparently was a short, one-day relapse, and he has since gotten back on

5

track.  He is currently living in a VA-supported sober living facility, and he has obtained employment and maintained his sobriety.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes.  On his first revocation, Defendant was given a sentence of time served of approximately two months, which was apparently not sufficient to deter future violations.

On this revocation, Defendant was in custody for approximately 103 days prior to his release to residential treatment, and he then spent another approximately 51 days in residential treatment.  The combined terms were apparently also not sufficient to completely deter him from noncompliance.

Therefore, a term of custody within the guideline range is recommended to provide deterrence and protect the public from further crimes.  But, in recognition of his efforts to obtain treatment and his significant efforts while in treatment, a sentence at the low end of the revocation guideline range is recommended.

The undersigned has also considered the need for future educational and correctional treatment.  Defendant requires sex offender treatment, and he also needs additional treatment and programming to address his mental health and substance abuse issues.  It is, therefore, recommended that Defendant be placed on supervised release for an extended term following his release from custody.

Considering all these factors, the Court concludes a sentence of 5 months incarceration and 110 months supervised release is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

## IV.    Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded of the right to object to these Findings and Recommendations within 14 days of their issuance.  Defendant was also reminded of the right to appear and allocute before Judge Molloy prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.    Defendant violated the condition of supervised release that he participate in substance abuse testing, as alleged in Violation No. 1.

2.    Defendant violated the condition of supervised release that he notify his probation officer within 72 hours if arrested or questioned by a law enforcement officer, as alleged in Violation No. 2.

3.    Defendant violated the condition of supervised release that he not commit another federal, state, or local crime, as alleged in Violation Nos. 3 and 5.

7

4.      Defendant violated the condition of supervised release that he enter and successfully complete an outpatient sex offender treatment program, as alleged in Violation No. 4.

Accordingly, **IT IS RECOMMENDED** that:

1.      The Court should revoke Defendant's supervised release and sentence Defendant to 5 months imprisonment, followed by a term of 11 months supervised release.

2.      In addition to the mandatory and standard conditions of supervised release, the following special conditions should be imposed:

a.      Unless you receive prior written approval from the probation officer, you must not: knowingly reside in the home, residence, or be in the company of any child under the age of 18, go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

b.      You may own or possess only one internet-capable device as approved by the probation officer that has the ability to access sexually explicit materials. If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device. You must not own, possess, or use any additional devices without the prior written approval of the probation officer. Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. You must allow the probation officer to make unannounced examinations of all devices, hardware, and software, which may include the retrieval and copying of all data from your internet-capable device. You must allow the probation officer to install software to restrict or monitor your devices access. You must pay part, or all of the costs of this monitoring as directed by the probation officer.

You must not use any internet-capable device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor.

You must not possess encryption or steganography software. You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

c.      You must submit your person, and any property, residence, place of employment, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which you have access, to a search at a reasonable time and in a reasonable manner, with or without a warrant, by the probation officer, or by any law enforcement officers upon the express direction of the probation officer, with reasonable suspicion concerning your violation of a condition of supervision or unlawful conduct. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

d.      You must not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of the probation officer.

e.      All employment must be approved in advance in writing by the probation officer. You must consent to third-party disclosure to any employer or potential employer.

f.      You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part, or all of the costs of this treatment as directed by the probation officer.

g.      You must comply with the sexual offender registration requirements for convicted offenders in any state in which you reside.

h.    You must abstain from the consumption of alcohol and must not enter establishments where alcohol is the primary item of sale. You must not knowingly enter any dwelling or house where there is the active or ongoing use, abuse or consumption of alcohol or controlled substances and must not knowingly enter or stay in any dwelling or house where there is one or more persons who are consuming alcohol or participating in the consumption of alcoholic beverages or controlled substances, without the prior written approval of the supervising probation officer. You must not knowingly enter any automobile where a person possesses or is consuming alcohol or controlled substances. You must not have any controlled substances that are not prescribed by a licensed medical doctor and supplied by a licensed medical pharmacy.

i.    You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring. You maintain your Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. You must pay part, or all of the costs of these examinations as directed by the probation officer.

j.    You must not knowingly acquire, possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are designed to arouse sexual desire, unless otherwise approved by the supervising probation officer in conjunction with defendant's sex offender treatment provider. This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and any visual depiction as defined in 18 U.S.C. § 2256(5). You must not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites, unless otherwise approved by the supervising probation officer in conjunction with your sex offender treatment provider. You must not utilize 900 or adult telephone numbers or any other sex-related numbers, or online chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

k.    You must enter and successfully complete an outpatient sex offender treatment program as approved by the probation officer. You are to remain in that program until released by the probation officer in consultation with the treatment provider. You must pay part, or all of the costs of this treatment as directed by the probation officer.

10

l.      You must participate in substance abuse testing to include not more than 180 urinalysis tests, not more than 180 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part, or all of the costs of testing as directed by the probation officer.

m.      You must participate in and successfully complete an outpatient program of substance abuse treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part, or all of the costs of this treatment as directed by the probation officer.

n.      You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

o.      You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

3.      The government did not have any objection to Defendant's release pending Judge Molloy's consideration of these Findings and Recommendations, or to his self surrender to the United States Marshal Service to complete his term of custody, if so ordered.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Molloy will make a *de novo*

11

determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 22nd day of October, 2025.

TIMOTHY J. CAVAN
United States Magistrate Judge

12