IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MONTE CATO LITTLE COYOTE, JR.,<br><br>Defendant. | CR 13-74-BLG-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release.  Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations.  (Doc 109.)

On April 23, 2026, the Court conducted the final revocation hearing. Defendant admitted all violations.  As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 8 months imprisonment, followed by 102 months of supervised release.

## I.      Background

In 2014, Defendant pled guilty to the offense of aggravated sexual abuse. (Docs. 16, 20.)  On July 2, 2014, the Court sentenced him to 135 months imprisonment, to be followed by 10 years supervised release.  (Docs. 28, 29.) Defendant began serving his term of supervised release on July 14, 2023.  (Doc.

75.)

On December 10, 2024, Defendant's supervised release was revoked for consuming alcohol, being terminated from sex offender treatment, and failing to participate in substance abuse testing.  (Doc. 71.)  He was sentenced to a term of time served (approximately two months), followed by 118 months supervised release.  (Doc. 73.)

Defendant began his second period of supervised release on December 10, 2024.  (Doc. 75.)  On October 21, 2025, Defendant's supervised release was revoked again for failing to participate in substance abuse testing, failing to notify probation of contact with law enforcement, committing a federal, state, or local crime, and failing to complete a sex offender treatment program.  (Doc. 101.)  He was sentenced to a term of five months imprisonment, followed by 110 months supervised release.  (*Id.*)

Defendant began his third period of supervised release on December 31, 2025.  (Doc. 103.) On March 25, 2026, the United States Probation Office filed the petition now at issue.  (*Id.*)  The petition alleges that Defendant violated three conditions of supervised release, and provides a brief explanation of each violation. (*Id.*)  Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 104.)  Defendant was arrested, and made an initial appearance on March 30, 2026.  (Doc. 105.)

## II.    **Final Revocation Hearing**

Defendant appeared at the revocation hearing represented by Russell Allen Hart.  Kelsey Hendricks represented the United States.  The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to final imposition of sentence.  After consenting to proceed, Defendant admitted all the violations as alleged in the petition.  The undersigned accepted the admissions and proceeded to sentencing.

The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offense is a class A felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 5–11 months incarceration.  Defendant could also be sentenced to as much as 110 months supervised release, less any incarceration time imposed.  Counsel for the parties agreed with those calculations.

The United States requested a sentence of 10 months incarceration and 100 months supervised release.  Defendant's counsel requested a sentence at the low-end of the guideline range.

/ / /

/ / /

### III.    <u>Analysis</u>

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked.  The Court should sentence Defendant to 8 months imprisonment, followed by 102 months supervised release.  No circumstances warrant a departure from the guideline range.

The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant.

With respect to the nature and circumstances of these violations, while one of Defendant's violations relates to his failure to report for substance abuse testing, the current violations primarily involve his failure to comply with the requirements of his sex offender treatment program.  He failed to report for his scheduled sex offender treatment sessions on two occasions; he had contact with a minor infant without prior approval of his probation officer; and, as a result of these violations, he was terminated from his sex offender treatment program.  This is the third time Defendant has been removed from a sex offender treatment program for noncompliance with program rules.  Given the nature of his underlying offense of aggravated sexual abuse, these are serious violations.

With respect to Defendant's history and characteristics, Defendant has a significant criminal history—particularly the underlying offense, for which he

received a sentence of 135 months.  He has also done very poorly on supervision since his release from custody, and he is now facing his third revocation of supervised release.  On a positive note, Defendant's prior revocations related primarily to alcohol abuse, and since his release following his second revocation, Defendant has been successful in complying with conditions requiring he abstain from the use of alcohol and controlled substances.  Defendant completed a 30-day inpatient treatment program in connection with his first revocation, and in connection with his second revocation, he completed a more extended inpatient program through the VA for treatment of both alcohol abuse and PTSD related to his military service.  He has also maintained steady employment and established a stable residence

The undersigned has considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes.  For his prior revocations, Defendant received relatively short sentences of two months for his first revocation and five months for his second, and he was given the opportunity for necessary treatment.  Those sentences have not been sufficient to deter future violations.  A longer term of custody is appropriate to make it clear to Defendant that he will be required to adhere to all the terms of his supervision, and to deter future violations and protect the public from further criminal conduct.

/ / /

The undersigned has also considered the need for future educational and correctional treatment. Defendant has been terminated from sex offender treatment three times. In light of his underlying offense, it is imperative that Defendant successfully complete this program. It is, therefore, recommended that Defendant be given an extended period of supervised release following his term of incarceration to ensure completion of sex offender treatment.

Considering all these factors, the Court concludes a sentence of 8 months imprisonment, followed by 102 months of supervised release is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

## IV.    Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded of the right to object to these Findings and Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Molloy prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.     Defendant violated the condition of supervised release that he enter and successfully complete an outpatient sex offender treatment program, as alleged in Violation No. 1.

6

2.      Defendant violated the condition of supervised release that he participate in substance abuse testing, as alleged in Violation No. 2.

3.      Defendant violated the condition of supervised release that he not be in the company of any child under the age of 18 without prior written approval, as alleged in Violation No. 3.

Accordingly, **IT IS RECOMMENDED** that:

1.      The Court should revoke Defendant's supervised release and sentence Defendant to 8 months imprisonment, followed by a term of 102 months supervised release.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 23rd day of April, 2026.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

8